Andrew D. Bochner, Esq.
Serge Krimnus, Esq.
Bochner IP, PLLC
295 Madison Avenue
12th Floor
New York, NY 10017
(646) 971-0685
Andrew@BochnerIP.com
*Attorney(s) for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RJ BRANDS LLC | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.: |
| | ) | 2:21-cv-01908-EP-JBC |
| v. | ) | |
| | ) | |
| BLOOMBERG L.P., EMILY PARSONS, and | ) | |
| WORK-ORDER DESIGN CORPORATIONS, | ) | Motion Day: **September 6, 2022** |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
PARSONS AND WORK-ORDER DESIGN CORPORATION'S MOTION TO DISMISS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2) AND IN SUPPORT
OF PLAINTIFF'S CROSS-MOTION FOR ATTORNEYS' FEES**

i

**TABLE OF CONTENTS**

I. **PRELIMINARY STATEMENT** ......................................................................................... 1

II. **BACKGROUND** ............................................................................................................. 1

III. **ARGUMENT** ................................................................................................................. 2

    A. PLAINTIFF SHOULD BE ALLOWED TO CONDUCT JURISDICTIONAL DISCOVERY ................ 2

    B. IN THE ALTERNATIVE, THIS COURT SHOULD TRANSFER THIS ACTION TO THE EASTERN DISTRICT OF NEW YORK ................................................................................................. 4

    C. PLAINTIFF SHOULD BE AWARDED ATTORNEYS' FEES FOR MOVING DEFENDANTS' VEXATIOUS REFUSAL TO STIPULATE TO TRANSFER OF VENUE ................................................. 6

IV. **CONCLUSION** ............................................................................................................... 7

ii

## TABLE OF AUTHORITIES

Page(s)

Cases

*Binks v. US Tech Sols.*,
 2020 WL 6701470 (D.N.J. Nov. 12, 2020) ................................................................. 5

*Bellator Sport Worldwide, LLC v. Zuffa, LLC*,
 2011 WL 13141663 (D.N.J. Dec. 16, 2011) ............................................................... 2

*Bockman v. First Am. Mktg. Corp.*,
 459 F. App'x 157 (3d Cir. 2012) ................................................................................ 5

*Eash v. Riggins Trucking Inc.*,
 757 F.2d 557 (3d Cir. 1985) ....................................................................................... 6

*Home Revolution, LLC v. Jerrick Media Holdings, Inc.*,
 2021 WL 631926 (D.N.J. Feb. 17, 2021) ................................................................... 6

*Jager v. Fleet Mgmt. Rd. Serv.*,
 2021 WL 4932765 (D.N.J. Oct. 22, 2021) ............................................................. 5, 6

*Kim v. Korean Air Lines Co.*,
 513 F. Supp. 3d 462 (D.N.J. 2021) ............................................................................. 5

*LG Elecs. USA, Inc. v. Seamless Interactive, LLC*,
 2010 WL 3035141 (D.N.J. Aug. 3, 2010) .................................................................. 2

*Miller Yacht Sales, Inc. v. Smith*,
 384 F.3d 93 (3d Cir. 2004) ......................................................................................... 2

*Ojeda v. Louis Berger Grp. (Domestic), Inc.*,
 2021 WL 1345874 (D.N.J. Apr. 12, 2021) ................................................................. 5

*Senju Pharm. Co., Ltd. v. Metrics, Inc.*,
 96 F. Supp. 3d 428 (D.N.J. 2015) ............................................................................... 2

*SM Fin. Servs. Corp. v. Blue Cross Blue Shield of Tex.*,
 2020 WL 7869213 (D.N.J. July 16, 2020) ................................................................. 5

*Toys "R" Us, Inc. v. Step Two, S.A.*,
 318 F.3d 446 (3d Cir. 2003) ....................................................................................... 2

*Woodson v. FullBeauty Brands*,
   2021 WL 1214551 (D.N.J. Mar. 31, 2021) ................................................................................ 5

Statutes

28 U.S.C. § 1631 ............................................................................................................................. 5

28 U.S.C. § 1927 ............................................................................................................................. 6

**I.     PRELIMINARY STATEMENT**

Plaintiff RJ Brands, LLC ("Plaintiff"), by and through its undersigned counsel, hereby submits this memorandum of law in opposition to the motion ("Mot.") [ECF 81-1] to dismiss Plaintiff's First Amended Complaint ("FAC") [ECF 64] filed by Defendants Emily Parsons ("Parsons") and Work-Order Design Corporation ("WODC" and collectively with Parsons, the "Moving Defendants") for lack of personal jurisdiction pursuant to FED. R. CIV. P. 12(b)(2). If this Court is inclined to grant the motion to dismiss for lack of personal jurisdiction, Plaintiff respectfully requests that this Court hold the motion in abeyance or deny the motion without prejudice pending jurisdictional discovery. Further, should this Court deny Plaintiff's request for jurisdictional discovery, Plaintiff respectfully requests that this action – with regard only to the Moving Defendants – be transferred to the Eastern District of New York ("EDNY").

**II.    BACKGROUND**

Plaintiff is a New Jersey limited liability company that manufactures, imports, and sells various kitchen products and related software and technology. FAC ¶ 4. Plaintiff initiated this litigation against defendant Bloomberg L.P. on October 5, 2021. On May 12, 2022, Plaintiff filed its First Amended Complaint which named two additional defendants: Emily Parsons and WODC. Plaintiff has brought claims of Trademark Infringement and Unfair Competition in violation of the Lanham Act, federal common law, and New Jersey common law against all Defendants. FAC ¶¶ 20-73. Plaintiff further brought claims of Contributory/Induced Trademark Infringement against the Moving Defendants. FAC ¶¶ 74-80.

Parsons is a domiciliary of New York and WODC is incorporated in New York, with its principal place of business there. Mot. at 1. On July 18, 2022, Moving Defendants filed their Motion to Dismiss for lack of personal jurisdiction contending that they lack sufficient contacts

1

with New Jersey for this Court to exercise personal jurisdiction over them. With their motion, Moving Defendants included the declarations of Emily Parsons and Keira Alexandra to bolster their argument. However, the Declarations offer only a limited set of self-serving "facts" and should not be allowed to replace actual jurisdictional discovery.

In response to Moving Defendants' motion, Plaintiff respectfully requests that this Court allows jurisdictional discovery or, in the alternative, transfer the litigation to the Eastern District of New York as to the Moving Defendants.

## III.     ARGUMENT

### A.     Plaintiff Should be Allowed to Conduct Jurisdictional Discovery

The Third Circuit has held that where "a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between [the party] and the forum state," the plaintiff is entitled to conduct jurisdictional discovery before the district court dismisses for lack of personal jurisdiction. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (citations omitted); *Bellator Sport Worldwide, LLC v. Zuffa, LLC*, No. 10-CV-4091 (DMC-MF), 2011 WL 13141663, at *3 (D.N.J. Dec. 16, 2011) ("Given Plaintiff's right to jurisdictional discovery coupled with the low evidentiary standard required to make a prima facie case, Plaintiff has presented sufficient evidence to trigger limited jurisdictional discovery.") (citing *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004)). Jurisdictional discovery is particularly appropriate where, as here, "the existing record is 'inadequate' to support personal jurisdiction and a party demonstrates that it can supplement its jurisdictional allegations through discovery." *Senju Pharm. Co., Ltd. v. Metrics, Inc.*, 96 F. Supp. 3d 428, 435 (D.N.J. 2015) ("Jurisdictional discovery should be sustained when factual allegations suggest the possible existence of requisite contacts between the defendant and the forum state with 'reasonable particularity.'"); *LG Elecs. USA, Inc. v. Seamless Interactive, LLC*, No. 9-CV-5178 (DMC), 2010

2

WL 3035141, at *7 (D.N.J. Aug. 3, 2010) (granting jurisdictional discovery where "[t]he record before this Court does not provide a sufficient basis for a determination as to the level of interactivity between New Jersey customers and [defendant]").

In support of their motion, Moving Defendants included the declaration of Defendant Emily Parsons [ECF 81-2] ("Parsons Decl.") and Keira Alexandra [ECF 81-3] ("Alexandra Decl."), founder and president of WODC. In the Parsons Declaration, Parsons offers blanket statements that attempt to, but do not, satisfy an inquiry into her connections to New Jersey. Parsons merely recites that she resides in New York, has not resided or worked in New Jersey, and offers cursory instances of isolated visits to New Jersey. Parsons Decl. ¶¶ 2-9. The Alexandra Declaration similarly makes an inadequate attempt to avoid genuine jurisdictional discovery. Alexandra states that WODC has not provided services anywhere in New Jersey, and that WODC does not have an office nor employs any personnel in the state. Alexandra Decl. ¶¶ 5-7. Alexandra goes on to recite in cursory fashion a handful of facts that would not trigger personal jurisdiction. These self-serving declarations are vastly insufficient to replace genuine jurisdictional discovery, and should not be the basis for denying Plaintiff's request for the same.

The supporting declaration of Alexandra is especially troubling because a brief investigation online revealed that some of Alexandra's assertions are apparently false. For example, Alexandra states that "Work-Order has never provided services to a company based in New Jersey." Alexandra Decl. ¶ 5. However, WODC's website prominently boasts a list of former and current clients. Bochner Decl. Exs. B, D. Among those clients is Kodak, a company incorporated in the state of New Jersey. Bochner Decl. Ex. A. Also among WODC's clients is ZOA/Modern Meadow, a company whose contact address is 111 Ideation Way, Suite 100, Nutley, NJ, USA 07110. Bochner Decl. Ex. C. While these contacts may or may not alone be sufficient to

exercise personal jurisdiction over Moving Defendants, they certainly cast doubt over the veracity of the supporting declarations and warrant further inquiry in the form of jurisdictional discovery.

Conversely, Plaintiff stated in its Complaint multiple allegations connecting the Moving Defendants to Bloomberg L.P.'s unlawful conduct in New Jersey. For example, "Bloomberg hired Defendants WODC and Parsons to, at least in part, design and/or select the Infringing Mark." FAC ¶ 28; "Defendant WODC and Parsons' conduct in selecting and/or designing the Infringing Mark constitutes infringement of the CHEF IQ Marks." FAC ¶¶ 42, 50, 57, 64, 71; "In selecting and/or designing the Infringing Mark, Defendants WODC and Parsons induced Defendant Bloomberg to infringe the CHEF IQ Marks and contributed to Bloomberg's infringement of the CHEF IQ Marks." FAC ¶ 76. These allegations are specific instances of Moving Defendants' conduct and show their relationship to the unlawful conduct committed by Bloomberg L.P. – the effects of which Plaintiff has suffered in New Jersey.

As discussed in detail above, Plaintiff's allegations suggest, with reasonable particularity, that Moving Defendants maintain contacts with New Jersey and directed their activity to New Jersey. Any further evidence of the Moving Defendants' contacts with New Jersey is in their sole possession and control. Thus, jurisdictional discovery is necessary to corroborate or refute the self-serving (and likely attorney drafted) contentions in the Parsons and Alexandra Declarations. Specifically, jurisdictional discovery is the only available method of determining the Moving Defendants' clientele in New Jersey, what business activities they each carry out in New Jersey, and what other contacts, if any, Moving Defendants maintain in New Jersey.

**B.    In the Alternative, this Court should Transfer this Action to the Eastern District of New York**

Should the Court find that it does not have personal jurisdiction over the Moving Defendants, and should the Court also deny Plaintiff jurisdictional discovery, the Court should

4

exercise its discretion and transfer this action to the Eastern District of New York. "Title 28, United States Code, Section 1631, provides that '[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought." *Kim v. Korean Air Lines Co.*, 513 F. Supp. 3d 462, 471 (D.N.J. 2021) (quoting 28 U.S.C. § 1631). "When jurisdiction is clearly available in another court, however, '[n]ormally transfer will be in the interest of justice because dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating.'" *Jager v. Fleet Mgmt. Rd. Serv.*, No. CV148130KMMAH, 2021 WL 4932765, at *6 (D.N.J. Oct. 22, 2021) (quoting *SM Fin. Servs. Corp. v. Blue Cross Blue Shield of Tex.*, No. 19-17497, 2020 WL 7869213 at *2 (D.N.J. July 16, 2020)); *see also Ojeda v. Louis Berger Grp. (Domestic), Inc.*, No. CV1817233KMJBC, 2021 WL 1345874, at *2 (D.N.J. Apr. 12, 2021) (same); *Woodson v. FullBeauty Brands*, No. CV2011117KMESK, 2021 WL 1214551, at *2 (D.N.J. Mar. 31, 2021) (same); Binks v. US Tech Sols., No. 20-CV-02969-KM-ESK, 2020 WL 6701470, at *4 (D.N.J. Nov. 12, 2020) ("[I]t would be burdensome and inconvenient to dismiss the complaint only for Binks to refile in South Carolina. Binks should not be penalized by time-consuming and justice-defeating technicalities.") (citing *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 162 n.11 (3d Cir. 2012)).

Personal jurisdiction over the Moving Defendants is available in the Eastern District of New York. Parsons is a citizen domiciled in the State of New York. FAC ¶ 7; Mot. at 1. Parsons works as a freelance art director and resides in Brooklyn, within the Eastern District of New York. Bochner Decl. ¶¶ 6-7, Exs. E, F; Parsons Decl. ¶ 2. WODC is incorporated in New York, with its principal place of business located at 141 Flushing Avenue, Bldg. 77, Suite 408, Brooklyn, NY 11205, in the Eastern District of New York. FAC ¶ 6; Alexandra Decl. ¶ 3. The district in which personal jurisdiction is "clearly available" is indeed the Eastern District of New York, and

5

therefore transfer would clearly be "in the interest of justice." *Jager*, 2021 WL 4932765, at *6. Dismissal of this action, rather than transfer to the Eastern District of New York, would therefore be "time-consuming and justice-defeating." *Id.*

Accordingly, should this Court deny Plaintiff's request for jurisdictional discovery, Plaintiff respectfully requests this Court to transfer the action against Moving Defendants to the Eastern District of New York.

### C. Plaintiff Should be Awarded Attorneys' Fees for Moving Defendants' Vexatious Refusal to Stipulate to Transfer of Venue

Pursuant to 28 U.S.C. § 1927 and this Court's inherent authority, Plaintiff is entitled to recovery of its attorneys' fees due to Moving Defendants' Counsel's bad faith refusal to stipulate to transfer of venue to EDNY. 28 U.S.C. § 1927 states that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case **unreasonably and vexatiously** may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonable incurred because of such conduct." (emphasis added). The Third Circuit has recognized the power of the District Court to impose attorneys' fees as sanctions under 28 U.S.C § 1927 or the Court's inherent power. *See Eash v. Riggins Trucking Inc.*, 757 F.2d 557, 560 (3d Cir. 1985). "The principal purpose of sanctions under § 1927 is the deterrence of intentional and unnecessary delay in the proceedings." *Home Revolution, LLC v. Jerrick Media Holdings, Inc.*, No. 20-CV-07775, 2021 WL 631926, at *5 (D.N.J. Feb. 17, 2021) (citation omitted).

On August 4, 2022, counsel for Plaintiff emailed counsel for Moving Defendants in response to the filing of this motion to dismiss. Bochner Decl. ¶ 8. Plaintiff's counsel offered to resolve this motion by stipulating to transfer the action as to the Moving Defendants to the Eastern District of New York. Bochner Decl. ¶ 9. On August 16, 2022, Plaintiff's counsel responded via

6

email reciting much of the case law in Section III(B), *supra*, and noting that the Eastern District of New York has personal jurisdiction over both Parsons and WODC. Bochner Decl. ¶ 10. On August 18, 2022, Moving Defendants' counsel responded and did not refute nor deny that the EDNY has personal jurisdiction over Moving Defendants. Bochner Decl. ¶ 11. Instead, opposing counsel stated, in sum and substance, that they would continue litigating this motion to the fullest extent. Bochner Decl. ¶ 11.

Plaintiff's attempts to work with Moving Defendants to enter into a stipulation transferring this case to the Eastern District of New York were, clearly, unavailing. Despite Plaintiff raising the very same precedent laid out in Section III(B), *supra*, and making efforts to amicably resolve this jurisdictional question without intervention by the Court, the Moving Defendants insist on needlessly litigating this motion and wasting the Court and parties' time and resources. As a result of Moving Defendants' Counsel's bad faith tactics, Plaintiff and its counsel have spent a considerable and unnecessary amount of time drafting the instant opposition and cross-motion. The Moving Defendants are indeed "[multiplying] the proceedings . . . unreasonably and vexatiously," and should be required to pay the unnecessary attorneys' fees Plaintiff was made to spend as a result.

### IV.   CONCLUSION

For the foregoing reasons, this Court should allow Plaintiff to conduct jurisdictional discovery or, in the alternative, transfer the instant case against Moving Defendants to the Eastern District of New York. Further, Plaintiff's Cross-Motion for attorneys' fees should be granted.

Date: August 23, 2022                    Respectfully Submitted,

                                           By:    /s/ Andrew D Bochner

                                                 Andrew D. Bochner, Esq.
                                                 Serge Krimnus, Esq. (*pro hac vice*)
                                                 **Bochner IP, PLLC.**
                                                 295 Madison Avenue
                                                 12th Floor
                                                 New York, New York 10017
                                                 (646) 971-0685
                                                 *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that this document, as well as the accompanying notice of motion, proposed order, and declaration with exhibits, were filed through the CM/ECF system on August 23, 2022 and will therefore be sent electronically to the registered participants as identified on the NEF and paper copies will also be sent to those indicated as non-registered participants.

/s/ Andrew D Bochner

Andrew Bochner